Michael G. Williamson, Chief United States Bankruptcy Judge
THIS CASE came on for hearing on October 5, 2017, at 10:30 a.m., on the Debtor's motion for reconsideration of this Court's order allowing the Trustee to seek intervention in a lawsuit the Debtor (and her husband) filed in the Court of Federal Claims seeking a tax refund in excess of $8 million.[1] According to the Trustee, the refund is property of the estate because it is "based on" prepetition income.[2] Upon reconsideration, the Court concludes that the Trustee has failed to prove the tax refund being sought is property of the estate.[3]
Some background is helpful: In the mid-1980s, the Debtor and her husband filed joint tax returns reflecting nearly $20 million in income from the purchase and sale of stock in two companies: Cluett, Peabody & Company and Hammermill Paper Companies. They paid more than $5 million on that income in 1985 and 1986. In 1991, a federal court ordered the Debtor's husband to disgorge the profits he earned from the Cluett and Hammermill transactions. Ten years later, the Debtor filed for chapter 11 bankruptcy. Seven months after filing for bankruptcy, the Debtor disgorged the profits from the Cluett and Hammermill transactions.
The Debtor says that triggered a "Claim of Right" under the Internal Revenue Code § 1341.[4] In layman's terms, a Claim of Right occurs when a taxpayer reports taxable income in one year but has to repay that taxable income in a later year.[5] Under Internal Revenue Code § 1341, a taxpayer faced with a Claim of Right has two options: (1) she can deduct the amount repaid from her taxable income in the year of repayment; or (2) she can take a credit *286 against the taxes owed in the year of repayment.[6]
In 2005, the Debtor and her husband amended their 2002 tax return to either claim the deduction or credit for the amounts they repaid in 2002. Based on those amendments, the Debtor and her husband claim they are entitled to an $8.2 million tax refund. But the IRS denied the refund. So, in 2012, the Debtor and her husband sued in the Court of Federal Claims for payment of the $8.2 million refund.
In the meantime, the Debtor's case was converted to chapter 7 in 2007 and a Trustee was appointed. Recently, the Trustee learned of the Debtor's pending tax claim. The Trustee contends that (1) the $8.2 million refund claim is property of the estate because it is based on prepetition income; (2) the Debtor intentionally failed to disclose this potential $8.2 million asset; (3) the Debtor violated the automatic stay by filing the refund action in federal court; and (4) the Trustee should be permitted to intervene in the Court of Federal Claims as the real party in interest in the tax refund claim.[7]
The Court disagrees. Because this case was filed pre-BAPCPA, the Trustee does not get the benefit of Bankruptcy Code § 1115, which includes within property of the estate in individual chapter 11 cases property acquired after the petition date but before conversion.[8] So whether the tax refund is property of the estate is governed solely by Bankruptcy Code § 541. Under § 541, a tax refund is property of the estate only if it is attributable to wages earned and withholding payments made during the prepetition years.[9]
Here, the Court is not convinced the Debtor's tax refund is attributable to prepetition wages earned and withholding payments. The Debtor is entitled to a refund, if at all, because of the IRC § 1341 credit, and that credit only came about because the Debtor disgorged money postpetition, giving rise to a postpetition credit for the Debtor's postpetition tax return.
While there is some appeal to the Trustee's argument that the refund is attributable to prepetition income because the IRC § 1341 credit is based on prepetition income, that argument is facile:
The amount of a tax refund is a function of a number of components, including the amount of income, the amount of tax payments, and a taxpayer's deductions or credits. Each of these components may be earned or accrue at different times during a tax year. For instance, some deductions may accrue solely prepetition or solely postpetition.[10]
The Trustee has failed to cite any authority for the proposition that a refund resulting from a tax credit that accrued postpetition is property of the estate simply because the credit is based on income paid years before the bankruptcy case was filed.
Accordingly, it is
ORDERED :
*287 1. The Debtor's motion for reconsideration is GRANTED. To the extent the Debtor is entitled to a refund based on a credit under Internal Revenue Code § 1341, that refund is not property of the estate.
2. The Trustee's motion to intervene in the Debtor's tax refund claim pending in the Court of Federal Claims is DENIED.

Doc. No. 1609.

Doc. No. 1597 at ¶ 10.

The Court initially granted the Trustee's motion in part because the Debtor failed to appear. But the Debtor later explained her failure to appear. Doc No. 1609. The Court has decided to address the Trustee's arguments on the merits.

26 U.S.C. § 1341.

26 U.S.C. § 1341(a).

26 U.S.C. § 1341(a)(4)-(5).

Doc. No. 1597.

11 U.S.C. § 1115. Section 1115 was added to the Bankruptcy Code in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection of 2005 (BAPCPA).

In re Smith , 2016 WL 675806, at *1 (Bankr. M.D. Fla. Feb. 18, 2016) (May, J.); In re Ascuntar , 487 B.R. 319, 321 (Bankr. S.D. Fla. 2013).

In re Mooney , 526 B.R. 421, 427 (Bankr. M.D. Ga. 2015).